U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAY 1 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____
      DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD L. TOUCHET | DOCKET NO. 07-CV-0086 |
| VERSUS | JUDGE DRELL |
| CITY OF NATCHITOCHES, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Donald L. Touchet, filed *in forma pauperis* on January 12, 2007. Touchet is incarcerated at the Natchitoches Parish Detention Center ("NPDC") where he is a pretrial detainee. He filed suit against the City of Natchitoches, the Natchitoches Police Department, and Jessie Titano. Plaintiff claims that he was wrongfully arrested and prays that statements he made to the police be suppressed.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court. For the following reasons, it is recommended that the complaint be DENIED and DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

According to Plaintiff, on November 15, 2006, he was approached by two Natchitoches City Police detectives who brought Plaintiff to the police station for questioning. [Doc. #1-1, p.3] Plaintiff repeatedly asked why he was being questioned, but the officers did not answer. Eventually, the officers told Plaintiff that they needed to ask him some questions and that he needed to tell the truth. Plaintiff states that he then informed the officers that he suffered from bipolar disorder and was disabled. He told the officers that he needed to see a doctor and needed his medication for bipolar

disorder. [Doc. #1-1, p.4-5]

Plaintiff complains, "[T]hey then had me sign a piece of paper and gave me a bunch of questions." After that, Plaintiff was arrested for forcible rape, four counts of distribution of a Schedule IV narcotic, and theft under $150.00. According to Plaintiff, one of the male detectives involved in his questioning is a long time friend of Plaintiff's fiancé. Plaintiff alleges that the detective asked his fiancé to bring Plaintiff's medication to the detention center and told the fiancé that "the rape kit was negative." Plaintiff claims that the district attorney told his mother that "the only thing keeping [Plaintiff] in jail is [his] own statement." [Doc. #1-1, p.5].

Plaintiff seeks the suppression of his statement in his pending state court criminal proceeding due to mental incapacity.

## LAW AND ANALYSIS

### I. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court must evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

2

A hearing need not be conducted for every pro se complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).  District courts must construe in forma pauperis complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

## II.   Civil Rights

Section 1983 provides that any person who, under color of state law, deprives another of rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured. 42 U .S.C. § 1983. Section 1983 does not create substantive rights, but only provides a remedy for the rights that it designates.  Harrington v. Harris, 118 F.3d 359, 365 (5th Cir.1997). Section 1983 does not provide for vicarious liability or liability based on a theory of respondeat superior.  See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978); Henley v. Edlemon, 297 F.3d 427, 431 (5th Cir.2002).

### A.    Municipal Liability

A municipality is liable under 42 U.S.C. § 1983 only when injury results from execution of governmental policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy. Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir.2002), cert. denied, 537 U.S. 1110 (2003). Plaintiff sues the City of Natchitoches claiming that his written statements should be suppressed due to mental incapacity.  However, he has not established any policy or custom of the City of Natchitoches that caused a violation of his civil rights. See Causey v. Parish of Tangipahoa, 167 F.Supp.2d  898 (E.D.La. 2001), citing Spiller v.

3

City of Texas City, Police Dept., 130 F.3d 162 (5 Cir.1997) (in order to hold municipality or local government unit liable under section 1983 plaintiff must allege official policy or custom); Coleman v. Dallas Ind. School Dist., 2000 WL 715990 (N.D.Tex.6/1/000) (same). The claim against the City of Natchitoches is clearly frivolous.

### B.    Police Department

Likewise, Plaintiff has failed to make any claim concerning a policy or custom on behalf of the Natchitoches Police Department that caused a violation of his rights. Moreover, the City of Natchitoches Police Department is merely a department within the City of Natchitoches, and not a proper party defendant. See Norwood v. City of Hammond et al., 1999 WL 777713 (E.D.La. 1999) (City of Hammond Police Department not a suable entity); Maxwell v. J. Henry, 815 F.Supp. 213 (S.D.Tex.1993). Thus, plaintiff's complaint against the Natchitoches City Police Department is also subject to dismissal.

### C.    Officer Titano

Finally, Plaintiff amended his complaint to add as a defendant Officer Jessie Titano, but provides no factual statement regarding his complaint against Officer Titano. Regardless, officers of a governmental entity or municipality acting in their official capacity can be held liable under §1983 only if an official policy or custom caused the deprivation of a constitutional right. As noted above, Plaintiff has not made any claim concerning a policy or custom on behalf of the Natchitoches Police Department. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); Brooks v. George County, Miss., 84 F.3d 157, 165 (5th Cir. 1996).

## III.    Abstention

Moreover, Plaintiff is seeking to have a written statement suppressed in a pending state

4

criminal proceeding. However, Younger v. Harris, 401 U.S. 37, 43-45 (1971), Samuels v. Mackell, 401 U.S. 66, 71-73 (1971), and their progeny, prohibit direct interference with ongoing state criminal prosecutions. The Younger doctrine involves "considerations of equity, comity, and federalism." DeSpain v. Johnston, 731 F.2d 1171, 1175-76 (5th Cir.1984) (citing Younger, 401 U.S. at 43-45). The Fifth Circuit has determined that "a federal district court presumptively must abstain from granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff at the time that federal action is commenced." DeSpain, 731 F.2d at 1175; see also Samuels v. Mackell, 401 U.S. 66 (1971) (holding that abstention is appropriate where a plaintiff seeks declaratory relief in federal court against a pending state prosecution).

Here, Plaintiff seeks to have his written statement suppressed due to mental incapacity. Plaintiff has an adequate remedy available to him in the state court proceedings. LSA C.Cr.P. art. 703. Article 703 of the Code of Criminal Procedure provides the proper mechanism for seeking the suppression of evidence. Plaintiff may file the appropriate motions to challenge his written statement in his pending criminal proceeding.

In short, Plaintiff's claims are frivolous and without merit. The court should abstain from interfering in the ongoing Louisiana prosecution.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ___ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE